UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| OLAKWSESU ELBEY. ) | CASE NO. 1:11 CV 951 |
| ) | |
| Plaintiff, ) | JUDGE JAMES S. GWIN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| DAYTON POLICE OFFICERS, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

On May 12, 2011, plaintiff *pro se* Olakwsesu Elbey filed this *in forma pauperis* action against the following defendants: Dayton Police Officers, Richard Scott Davis, Michael Siekierka, Steven G. Abney, Andrew Booher, Robert S. Phillips, Jorge Delrio, Montgomery County Officers, Tyrone Bonner, Don Campbell, City of Dayton, Montgomery County Ohio, State of Ohio, U.S. District Judge Walter H. Rice, Towing Summit, and Farmers Ins.

Plaintiff asserts his rights were violated in connection with a 1990 case in the Southern District of Ohio. In particular, he alleges Judge Walter Herbert Rice "agreed to a kickback plot/scheme in dissolving a sustained civil rights claim in 90cv159 where it was sustained that Dayton and County Police Officers bit off a part of Mr. Ealy's fingers in 1990 as ritual execution." Complaint, p.2. The remainder of the allegations in the Complaint also concern events stated to have occurred in the Dayton, Ohio area.[1]

As the specific events and omissions of which Plaintiff complains occurred in Montgomery County, Ohio, where defendants are located, and as Montgomery County is located

---

[1] The Complaint also mentions two Pennsylvania judges who allegedly accepted kickbacks, but these allegations do not appear to be related to Plaintiff's injuries.

in the Southern District of Ohio, that district court is the only proper venue for this matter. 28 U.S.C. § 1391(b).[2]

Title 28 U.S.C. § 1406(a) provides that an improperly venued action shall be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. The Court takes judicial notice that Mr. Elbey, also known as Larry E. Ealy, has been enjoined from filing new lawsuits in the United States District Court for the Southern District of Ohio without obtaining leave of court, and that he has sought to circumvent that requirement by previously filing cases in at least two other district courts. *See Elbey v. Henderson*, S.D. Ohio Case No. 3:10 CV 437 (Doc ## 6 and7). There would thus be no purpose in transferring this case to the Southern District of Ohio, nor would it be in the interest of justice to do so..

Accordingly, the request to proceed *in forma pauperis* is granted and this action is dismissed without prejudice. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: June 9, 2011         *s/         James S. Gwin*
                            JAMES S. GWIN
                            UNITED STATES DISTRICT JUDGE

---

[2] Title 28 U.S.C. § 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.